**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW AGUILAR, | ) | Case No: 18 CV 7098 |
| Plaintiff, | ) | |
| **v.** | ) | |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE | ) | |
| OFFICER ERIC DURON and UNKNOWN | ) | |
| CITY OF CHICAGO POLICE OFFICERS | ) | |
| Defendants**.** | ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES Plaintiff, MATTHEW AGUILAR by and through one of his attorneys, Abby D. Bakos of the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States and to address torts perpetrated by defendants under Illinois State Law.

### JURISDICTION

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code 28 U.S.C. §§1331 and 1343(a); Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(2).  The events described herein all occurred in the Northern District of Illinois.

### THE PARTIES

4. Plaintiff MATTHEW AGUILAR resides in the United States and in the Northern District of Illinois.

5. Defendant Officer ERIC DURON is a present or former employee of the CITY OF CHICAGO. Defendant DURON engaged in the conduct complained of while on duty and in the course and scope of HIS employment with the CITY OF CHICAGO and under color of law. Defendant DURON is being sued in HIS individual capacity.

6. Defendant UNKNOWN CHICAGO POLICE OFFICERS are present or former employees of the CITY OF CHICAGO. Defendant UNKNOWN CHICAGO POLICE OFFICERS engaged in the conduct complained of while on duty and in the course and scope of their employment with the CITY OF CHICAGO.

7. Defendant CITY OF CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois. The CITY OF CHICAGO was and is the public employer of Defendant DURON and Defendant UNKNOWN CHICAGO POLICE OFFICERS (referred to herein, as "Defendant Officers."). At all relevant times hereto, Defendant DURON and Defendant UNKNOWN CHICAGO POLICE OFFICERS were acting under the color of law and within the scope of THEIR employment with Defendant CITY OF CHICAGO.

## **BACKGROUND**

8. On or about October 9, 2018, at approximately 11:30 p.m., Plaintiff was at or near the intersection of Washtenaw Avenue and 47th Street in Chicago, Illinois.

9. At that time, while Plaintiff was on foot, Plaintiff was intentionally struck by the Chicago Police squad car driven by Defendant ERIC DURON.

10. The vehicle driven by Defendant ERIC DURON drove over Plaintiff's face and other

parts of Plaintiff's body causing severe injuries including, but not limited to, a fractured arm, fractured leg, and multiple facial bone fractures.

11. At the time that Plaintiff was struck by the vehicle driven by Defendant ERIC DURON, Plaintiff had not physically or verbally threatened Defendant DURON, any other police officer or any civilians whatsoever.

12. Plaintiff never pointed or fired a gun at Defendant ERIC DURON at any time on October 9, 2018.

13. Plaintiff never pointed or fired a gun at any Chicago Police Officer at any time on October 9, 2018.

14. The CITY OF CHICAGO has no information to lead them to believe that Plaintiff ever pointed or fired gun at any civilian at any time on October 9, 2018.

15. Defendant Officers did not have probable cause to stop or detain Plaintiff at any time prior to the time Defendant ERIC DURON struck Plaintiff with his vehicle.

16. Defendant Officers did not have articulable reasonable suspicion to believe that Plaintiff had committed any or was about to commit any crime at any time prior to the time Defendant ERIC DURON struck Plaintiff with his vehicle on October 9, 2018.

17. No Chicago Police Officer observed Plaintiff in possession of a firearm at any time prior to the time that Defendant ERIC DURON struck Plaintiff with Defendant DURON'S vehicle on October 9, 2018.

18. Shortly after being struck by Defendant DURON, Plaintiff was transported to Mt. Sinai Hospital in critical condition.

19. Thus far, Plaintiff has undergone one surgery on his face. Plaintiff will undergo several additional surgeries in the coming months.

20. Without probable cause or any other legal justification, Defendant UNKNOWN CHICAGO POLICE OFFICERS initiated criminal charges against Plaintiff for resisting/obstructing pursuant to 720 ILCS 5.0/31-1-A.

21. As a result of Defendant Officers' conduct, Plaintiff suffered physical injuries, pain, and emotional distress and incurred medical bills, legal fees and other damages.

22. Plaintiff's criminal charges are currently pending.

**CLAIM I**
**42 U.S.C. § 1983 – Fourth Amendment Unlawful Seizure**
**Against Defendant Duron**

23. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if reinstated herein.

24. Under 42 U.S.C. § 1983, a person who, acts under color of state law and deprives another person of his federal constitutional rights is liable to the injured party.

25. Defendant DURON seized Plaintiff.

26. Defendant DURON's seizure of Plaintiff was unreasonable.

27. Plaintiff was injured as a result of Defendant DURON's conduct.

28. The actions of Defendant DURON were willful, intentional and malicious and/or done with a reckless indifference to, and callous disregard for Plaintiff's rights.

29. As a direct and proximate result of Defendant DURON's actions, Plaintiff sustained severe physical injuries as well as emotional pain and suffering.

WHEREFORE, as a result of Defendant DURON's unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and additional relief that this Court deems equitable and just.

**CLAIM II**

**Due Process / State-Created Danger**
**Against Defendant Duron**

30. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

31. Defendant Officers were acting "under the color of law" at all relevant times hereto.

32. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured part.

33. Defendant Officers' conduct violated Plaintiff's Substantive Due Process right to be free from a state-created danger.

34. By chasing Plaintiff with his vehicle while Plaintiff was on-foot through a residential neighborhood and by intentionally pursuing Plaintiff although no Defendant Officer observed Plaintiff commit any crime, Defendant Officer DURON created and/or increased the danger that Plaintiff would be physically harmed.

35. Defendant Officer DURON knew or should have known that pursuing Plaintiff while Plaintiff was on-foot with a police vehicle, at a high rate of speed through a residential area posed serious risks to Plaintiff.

36. The actions taken by Defendant Officer DURON in pursuing Plaintiff in his vehicle without observing Plaintiff commit any crime, and then striking Plaintiff with his vehicle to effect Plaintiff's seizure were extreme and unreasonable such that they shock the conscience.

37. As a direct and proximate result of Defendant DURON's conduct, Plaintiff sustained severe physical injuries as well as emotional pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendant Officer DURON for compensatory damages, punitive damages, costs and attorney's fees, medical expenses and such other and additional relief that this Court deems equitable and just.

**CLAIM III**
**State Claim – Malicious Prosecution**
**Against Defendant Duron, Unknown Defendant Officers and the City of Chicago**

38. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

39. Defendant Officers charged Plaintiff with resisting arrest and continue, to this day, to maliciously prosecute Plaintiff by creating false and incomplete police reports and swearing to false charges.

40. At least one Defendant Officer signed Plaintiff's Criminal complaint for resisting arrest.

41. There was no probable cause for the institution of the resisting arrest charge against Plaintiff.

42. Plaintiff was injured including loss of liberty, emotional damages, pain and suffering and legal fees.

43. Defendants' conduct was willful and wanton.

44. Plaintiff brings this claim in anticipation that he will be found not guilty of resisting arrest at the conclusion of the criminal case.

45. Plaintiff anticipates that his resisting arrest charge will be dismissed in a manner indicative of his innocence.

46. The misconduct was undertaken by Defendant Officers within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, costs, punitive damages, and such other and additional relief that this Court deems equitable and just.

**CLAIM IV**
**State Claim- Conspiracy to Commit Malicious Prosecution**
**Against Defendant Duron, Unknown Defendant Officers and the City of Chicago**

47. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

48. On the date of Plaintiff's arrest, Defendants agreed and combined to conspire to maliciously prosecute Plaintiff.

49. The individual Defendants, each and every one of them, combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

50. The individual Defendants, each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against Plaintiff and/or injury by maliciously prosecuting the Plaintiff as described in this Complaint.

51. The Individual Defendants, each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts, including but not limited to, swearing out false reports and giving false statements.

52. The Individual Defendants, each and every one of them, understood, accepted, and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on Plaintiff as described in the Complaint.

53. The Individual Defendants, each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

54. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment such that Defendant CITY OF CHICAGO is liable for the torts of its agents.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, costs, and such other additional relief that this Court deems equitable and just.

**CLAIM V**
**State Claim-Battery**

**Against Defendant Duron and the City of Chicago**

55. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

56. Without the consent of Plaintiff, Defendant Officer DURON intentionally, harmfully, and offensively touched Plaintiff when Defendant DURON struck Plaintiff with DURON's vehicle.

57. Plaintiff was damaged by this intentional and unauthorized touching.

58. Defendant Officer DURON's conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

59. The misconduct undertaken by Defendant DURON was within the scope of his employment and under the color of law such that his employer, the City of Chicago, is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## CLAIM VI
**State Claim- Assault**
**Against Defendant Duron and the City of Chicago**

60. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

61. Plaintiff believed that he was in imminent danger of being battered by Defendant DURON.

62. Defendant Officer DURON's conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

63. The assault undertaken by Defendant Officer DURON occurred within the scope of his employment and under the color of law such that his employer, the CITY OF CHICAGO is liable for those actions.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, costs, medical expenses, and such other and additional relief as this court deems equitable and just.

## CLAIM VII
### Negligence
### Against Defendant Duron and the City of Chicago

64. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

65. Defendant DURON failed to take reasonable caution in operating his vehicle to avoid striking Plaintiff with DURON's vehicle.

66. At all relevant times, it was the duty of Defendant DURON to exercise a reasonable degree of care and caution in operation, management and control of his vehicle to avoid injury to Plaintiff and others on the roadway.

67. Defendant DURON breached that duty by striking Plaintiff with Defendant DURON's vehicle.

68. Further, at all relevant times, Defendant DURON was guilty of one or more of the following negligent acts or omissions, to wit;

    a. Carelessly, negligently and heedlessly operating his vehicle without due caution in a manner which endangered and was likely to endanger Plaintiff in violation of City of Chicago Ordinance 9-40-140.

    b. Carelessly and negligently operating his vehicle without due care to avoid colliding with a pedestrian upon a roadway, and without giving warning by sounding his horn when necessary in violation of City of Chicago Ordinance 9-40-160.

    c. Failed adhere to basic traffic-safety practices and failed to yield the right-of-way to all pedestrian traffic in violation of General Order G03-03-02.

69. That as a direct and proximate result of one or more wrongful acts or omissions on the part of Defendant DURON, Plaintiff was struck by the vehicle Defendant DURON was operating with great force and violence.

70. That as a result of the foregoing, Plaintiff suffered severe physical injuries and emotional distress as outlined above, and incurred and became liable for large sums of money for medical care and attention endeavoring to be cured of his aforesaid injuries; and were preventing from and hindered in attending Plaintiff's usual affairs, duties and occupation which he pursued heretofore; and he reasonably believes in the future he will suffer further pain and anguish and will incur further expenses for medical care and will be hindered in attending his usual affairs, duties and occupation; all due to the injuries Plaintiff sustained.

71. The negligence undertaken by Defendant Officer DURON occurred within the scope of his employment and under the color of law such that his employer, the CITY OF CHICAGO is liable for those actions.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount greater than $50,000.00 plus costs and disbursements of this action.

**CLAIM VIII**
**Willful and Wanton Conduct**
**Against Defendant Duron and the City of Chicago**

72. Plaintiff re-alleges and incorporates the preceding paragraphs as though fully set forth herein.

73. That at said time and place Defendant City of Chicago, acting through its agent and employees, Defendant Officer DURON, had a duty to refrain from willful and wanton

conduct in the operation of his official vehicle in the exercise of the official duties of its police officer.

74. At the time and place complained of, Defendant DURON acted willfully and wantonly through a course of conduct which showed an utter indifference to, or conscious disregard for, the safety of others in one or more of the following respects:

  a. Carelessly, negligently and heedlessly operating his vehicle without due caution in a manner which endangered and was likely to endanger Plaintiff in violation of City of Chicago Ordinance 9-40-140.

  b.  Carelessly and negligently operating his vehicle without due care to avoid colliding with a pedestrian upon a roadway, and without giving warning by sounding his horn when necessary in violation of City of Chicago Ordinance 9-40-160.

  c. Failed adhere to basic traffic-safety practices and failed to yield the right-of-way to all pedestrian traffic in violation of General Order G03-03-02.

75. That as a direct and proximate result of one or more of the aforesaid willful and wanton acts or omissions of Defendant Officer DURON, DURON's vehicle struck Plaintiff.

76. That as a result of the foregoing, Plaintiff suffered severe physical injuries and emotional distress as outline above, and incurred and became liable for large sums of money for medical care and attention endeavoring to be cured of his aforesaid injuries; and were prevented from and hindered in attending his usual affairs, duties and occupation which he pursued heretofore; and Plaintiff reasonably believes that in the future he will suffer further pain and anguish and will incur further expenses for medical care and attention

and will further be hindered in attending his usual affairs, duties and occupation; all due

to the aforesaid injuries so wrongfully sustained.

77. The damages sought in this action are greater than $50,000.00.

78. The willful and wanton conduct undertaken by Defendant Officer DURON occurred within

the scope of his employment and under the color of law such that his employer, the CITY

OF CHICAGO is liable for those actions.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount greater

than $50,000.00 plus costs and disbursements of this action.

## CLAIM IX
### Indemnification Claim
### Against Defendant City of Chicago

79. Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if

reinstated herein.

80. A plaintiff may bring an indemnification claim against a municipality or any local public

entity in section 1983 suit under 745 Ill. Comp. Stat. § 10/9-102.

81. In committing the acts alleged, Defendant Officers are members and agents of the

Chicago Police Department, and their actions were incident to the service of employment

with the Defendant CITY OF CHICAGO.

82. As a direct and proximate result of Defendant Officers' unconstitutional actions, Plaintiff

suffered significant emotional injuries including mental and emotional distress, and

physical pain and suffering as alleged in this Complaint and is entitled to relief under 42

U.S.C. § 1983.

83. The misconduct that was undertaken by Defendant Officers was within the scope of their employment and under the color of law such that their employer, City of Chicago, is liable for those actions.

WHEREFORE, should any Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant CITY OF CHICAGO be found liable for any compensatory judgment Plaintiff obtains against said Defendants, as well as attorneys' fees and costs awarded, medical expenses and such other and additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

MATTHEW AGUILAR

By One of HIS Attorneys:

s/ Abby D. Bakos
Abby D. Bakos

Shiller*Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590